USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 16 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BIOSCRIP, INC. SECURITIES LITIGATION | Civil Action No. 13-cv-6922-AJN |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In re BioScrip, Inc. Securities Litigation*, No. 13-cv-6922 (AJN) (the "Action");

WHEREAS, (a) Lead Plaintiff Fresno County Employees' Retirement Association, on behalf of itself and the Settlement Class (defined below), and (b) defendants BioScrip, Inc. ("BioScrip"), Richard M. Smith, Hai V. Tran, Patricia Bogusz, Myron Z. Holubiak, Charlotte W. Collins, Samuel P. Frieder, David R. Hubers, Richard L. Robbins, Stuart A. Samuels, Gordon H. Woodward, and Kimberlee Seah (the "Individual Defendants"); Jefferies LLC, Morgan Stanley & Co. LLC, SunTrust Robinson Humphrey, Inc., Dougherty & Company, and Noble International Investments, Inc. (the "Underwriter Defendants") and Kohlberg & Co., LLC ("Kohlberg" and, together with BioScrip, the Individual Defendants and the Underwriter Defendants, the "Defendants," and, together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated December 18, 2015 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated February 11, 2016 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on June 13, 2016 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 18, 2015; and (b) the Notice and the Summary Notice, both of which were filed with the Court on May 9, 2016.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order and finds, for purposes of the Settlement Only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Accordingly, for the purposes of the Settlement only, the Court hereby finally certifies the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased BioScrip common stock during the period from November 9, 2012 through November 6, 2013, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from

the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) the subsidiaries of BioScrip, the Underwriter Defendants, and Kohlberg; (iv) any persons who served as partners, control persons, officers, and/or directors of BioScrip, the Underwriter Defendants, or Kohlberg during the Settlement Class Period and/or at any other relevant time; (v) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Settlement Class is the person listed on Exhibit 1 hereto who is excluded from the Settlement Class pursuant to his request for exclusion that is valid and timely in accordance with the Preliminary Approval Order and is hereby accepted by the Court.

5. **Appointment of Class Representatives and Class Counsel** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award an attorneys' fees and

reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7), and all other applicable law and rules. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.  **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The person listed on Exhibit 1 hereto is not bound by the terms of the Stipulation or this Judgment because he is excluded from the Settlement Class pursuant to his request for exclusion.

10. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)  Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective current and future heirs, executors, administrators, predecessors, successors, attorneys, insurers, agents and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Released Defendant Persons, and shall forever be barred and enjoined from commencing any action with respect to, instituting any action with respect to, or prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Persons.

(b)  Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their

respective current and future heirs, executors, administrators, predecessors, successors, attorneys, insurers, agents and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Released Plaintiff Persons, and shall forever be barred and enjoined from commencing any action with respect to, instituting any action with respect to, or prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Persons. This Release shall not apply to the person listed on Exhibit 1 hereto because he is excluded from the Settlement Class pursuant to his request for exclusion.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ any complaint, responsive pleading, or dispositive motion, as specified in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(c)(1).

13. **No Admissions** – To the extent permitted by Federal Rule of Evidence 408, neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons or in any way referred to for any other reason as against any of the Released Defendant Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; *provided, however*, that Released Defendant Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(b) shall be offered against any of the Released Plaintiff Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to jointly agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of the Settlement Class Members in connection with the Settlement. Without

further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall be deemed to have reverted to their respective positions in the Action as of October 30, 2015, preserving in that event all of their respective claims and defenses in the Action.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this __16th__ day of __June__, 2016.

_____
The Honorable Alison J. Nathan
United States District Judge

## Exhibit 1

Gregory M. Kelley
Richfield, MN